STATE, PATRICK GREELY, PROSECUTOR, PLAINTIFF IN ERROR, v. CITY OF PASSAIC, DEFENDANT IN ERROR.

The charter of the city of Passaic provides for the recovery of penalties incurred for a violation of municipal ordinances, by an action of debt in the name of the city of Passaic, for the use of the city, before any justice of the peace of said county. *Held*—That this meant an action of debt before a justice sitting as a court for the trial of small causes, and that the defendant was entitled to the trial by jury provided by the justice's court act.

On error to the Supreme Court.

This writ brings up a judgment of the Supreme Court, affirming a judgment against the plaintiff in error, rendered by a justice of the peace of Passaic county, in an action brought for a penalty for a violation of a malt liquor ordinance of the city of Passaic.

For opinion of Supreme Court, see *ante p.* 87.

For the plaintiff in error, *H. K. Coddington.*

For the defendant in error, *J. E. Stoutenburgh.*

The opinion of the court was delivered by

REED, J.   The proceeding the propriety of which is now questioned, was taken by virtue of the twenty-sixth section of the charter of the city of Passaic. *Pamph. L.* 1873, *p.* 495.

This is the section as it stands in the charter: "That in all cases where, by the provisions of this act, the city council have authority to pass ordinances on any subject, they may prescribe a penalty or penalties for the violation thereof, either by imprisonment not exceeding ten days, or by fine not exceeding fifty dollars, to be recovered with costs in an action of debt, in the name of the city of Passaic, for the use of said city, before any justice of the peace of said county, in which action it shall be lawful to declare generally in debt for the penalty, and to give the special matter in evidence; and if judgment in such cases shall be given against the defendant, and the same remain unpaid for five days, the said justice shall issue execution for the same, under his hand and seal, against the body of the defendant, and directed to any constable of the county, who shall execute the same in the manner and under the same liabilities as prescribed in case of like execution issued by a justice of the peace, under the 'act constituting courts for the trial of small causes.'"

The defendant below was sued in the name of the city of Passaic, for the sum of $50, alleged to have been forfeited by him on account of his violation of an ordinance to prohibit the sale of malt liquors.

At the trial of this action, the defendant demanded a trial by jury, tendering a performance of all the requirements essential under the act constituting courts for the trial of small causes, to secure such trial.

After judgment, a performance of all the required acts on the part of the defendant, to secure an appeal, was tendered.

The justice refused both demands.   These refusals are, among other acts of the justice in the course of the trial, assigned for error.

In my view of the cause, the decision of these two errors renders it unnecessary to proceed to a discussion of the remain-

ing assignments. The refusal to issue a *venire*, as well as the refusal to grant an appeal, involves the consideration of a single question. This question is whether the justice of the peace entertained this action of debt as an officer holding a court for the trial of small causes. If so, then it is apparent that his judicial action was regulated by the small cause act, and all the privileges afforded to a party defendant by the provisions of that act, was the right of this defendant, and among these rights was that of a trial by jury, and also an appeal to the Court of Common Pleas. The Supreme Court held that the justice was not acting under this act, but that jurisdiction was given to the justice under the charter of Passaic, as a special magistrate, to enforce these penalties as police regulations, in a summary method, and that, inasmuch as the legislature had failed to provide for a jury trial and an appeal, neither of them was a right belonging to the defendant. The question involved is, in this court, an open one, and resolves itself into an attempt to discover the legislative intent, arising from the fact that this body has provided, in the Passaic charter, for the recovery of a penalty by an action of debt, before a justice of the peace of Passaic county.

It is perceived that nothing is said about procedure, except that it shall be an action of debt before a justice, and that an execution shall issue against the body, &c. The question that naturally arises is, what procedure is to be adopted to control the prosecution of this action of debt? Upon recurring to the common law for a procedure, we discover that there was none. At common law, a justice of the peace had no authority to take cognizance of an action at law.

The original functions of a justice were purely ministerial. He was only a conservator of the peace. *Paley on Conv.* 2.

Afterwards, parliament conferred upon this officer certain judicial functions, as a means of enforcing the game acts and other penal statutes, and of redressing certain slight personal injuries, such as trespasses and assaults.

But the procedure by which which these functions were

executed, was not by an *action*, but by *information*.    2 *Chit. Gen. Prac.* 128 ; *Paley on Conv.* 283.

An information is a summary proceeding, technical in its character, of a *quasi* criminal nature, and totally unlike an action at law.

The latter, a justice of the peace, neither at common law nor by act of parliament, was empowered to entertain.

A jurisdiction was given to justices in this state to hold court sitting alone, by the ordinances of Lord Cornbury, in 1704. Cognizance was given to justices of the peace in all cases of debt and trespass to the value of forty shillings, with the right of appeal to the Court of Sessions where the sum in controversy was over twenty shillings. *Field's Prov. Courts* 43.

Since 1798, the civil jurisdiction of justices over actions has been regulated by "the act constituting courts for the trial of small causes," and its supplements.

The act of the justice of the peace in holding a court for the trials of actions of debt and kindred actions, has for eighty years had no foundation in authority, except as found in the provisions of this act.

Nor can any guide be found to indicate the method of procedure in conducting such an action before this officer, outside of the provisions of this statute. Without referring to its terms, it is impossible to determine of what character the original process shall be, or when and how it shall be served and made returnable, or what the pleadings on the part of plaintiff and defendant shall be, or what judgment, what costs, or what execution shall attend the litigation.

This being so, it seems obvious that, unless this statutory right to bring an action before a justice of the peace is construed in the light of the practice of that officer to hold a court for the trial of small causes, the grant of the right would be barren, because of the absence of any proceeding by which the grant of power could be executed.

That the legislature had in mind the ordinary practice of such courts, I have no doubt.

Greely v. Passaic.

If they had provided for an action of debt, merely, there could be no question as to the right to bring the action in a justice's court, nor any contention that its progress would not be controlled by the constitution of that court.

I do not see how the mention of a justice of the peace as the person who shall sit, can change the character of the proceedings in his court. The mention of a justice of the peace of the county was intended to limit jurisdiction to these courts as less expensive and more expeditious than the higher courts.

In providing for an action before a justice, the constant and familiar exercise of the powers given to him under the small cause act, was present to the mind of the legislature, and they naturally provided for an action before him, leaving the matter of procedure to be governed by the ordinary practice of the court.

Were there a legislative direction to bring an action of debt before a surveyor of the highway, or other officer having otherwise no judicial functions, no such presumption could arise, and such grant of power, unaccompanied by any direction for its execution, would be nugatory. Only when a direction is given to bring an action before a justice of the peace, or a person otherwise empowered to exercise the civil judicial functions of a justice of the peace, will a presumption arise that such action is to be regulated by the provisions of the small cause act.

In the present case, the justice entertained the action only as one under this act.

The provisions of the act gave the defendant the right to a jury trial. This the justice improperly refused to grant, and entered judgment himself, against the defendant.

The judgment should be reversed.

*For affirmance* — None.

*For reversal* — THE CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—10.